UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-0427-GW (Ex) | Date | February 7, 2025 |
|---|---|---|---|

| Title | *Herrera, et al. v. Mercedes-Benz USA, LLC* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Mercedes-Benz USA, LLC ("Defendant") removed this action to this Court on January 16, 2025, asserting the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Defendant's removal papers allege, however, only the state of incorporation of Plaintiff Rico Brothers, Inc. ("Rico"), not Rico's principal place of business. [Doc. # 1 at ¶ 5 ("Notice of Removal").]

Corporations have dual citizenship, based upon the entity's state(s) of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). Until Defendant—which bears the burden of establishing jurisdiction here, *see Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) ("A party alleging subject matter jurisdiction has the burden of establishing it.")—properly alleges a principal place of business for Rico that is diverse from Defendant's own citizenship (Delaware and Michigan, *see* Notice of Removal at ¶ 7), the Court cannot be certain that complete diversity exists in this action.

Defendants are therefore **ORDERED TO SHOW CAUSE** in writing no later than **February 20, 2025** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Failure to file a timely satisfactory response by this deadline will result in the remand of this action.

**IT IS SO ORDERED**.